THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| HANNAH JONES,<br><br>Plaintiff,<br><br>v.<br><br>USAA CASUALTY INSURANCE COMPANY, a Texas Corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [7] DEFENDANT'S MOTION TO DISMISS**<br><br>Case No. 2:25-cv-00623-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendant USAA Casualty Insurance Company's ("USAA") Rule 12(b)(6) Motion to Dismiss (the "Motion")[1] Plaintiff Hannah Jones' Complaint.[2]

## BACKGROUND

Ms. Jones initially filed her Complaint in Utah state court, but the action was removed to this court on July 29, 2025.[3] In her Complaint, Ms. Jones alleges the following. On or about December 3, 2022, Ms. Jones was a passenger in a car that was involved in a crash with another vehicle driven by an individual named C.J. Haynie.[4] Ms. Jones was not at fault for the crash.[5] As a result of the accident, Ms. Jones suffered severe, permanent injuries.[6] The insurance company

---

[1] Defendant's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim ("MTD"), ECF No. 7, filed Aug. 8, 2025.
[2] Compl., ECF No. 1-1, filed July 29, 2025.
[3] Notice of Removal, ECF No. 1, filed July 29, 2025.
[4] Compl. ¶ 8.
[5] *Id.* ¶ 10.
[6] *Id.* ¶¶ 13–36.

1

of the at-fault driver tendered its policy limits of $25,000 to Ms. Jones, but this amount was insufficient to compensate her for the injuries she suffered.[7]

Ms. Jones also states that "USAA is the under insured motorist carrier for Hannah Jones regarding" the crash[8] and that "USAA's policy holder related to its contractual obligation to provide underinsured motorist insurance coverage to Hannah Jones is Kelli A. Coppieters."[9] USAA's policy limit for underinsured motorist ("UIM") damage under Ms. Coppieters' policy (the "Policy") is $50,000 per person.[10] Ms. Jones submitted a UIM claim to USAA, but USAA refused to tender its policy limits.[11] Ms. Jones subsequently filed her Complaint, asserting causes of action for Breach of the Implied Covenant of Good Faith and Fair Dealing and Breach of Contract.[12]

## STANDARD

"Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face."[13] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] "In evaluating a motion to dismiss, the court must take as true all well-pleaded facts, as distinguished from conclusory allegations, view all reasonable inferences in favor of the

---

[7] *Id.* ¶¶ 37–38.
[8] *Id.* ¶ 3.
[9] *Id.* ¶ 5.
[10] *Id.* ¶ 40.
[11] *Id.* ¶¶ 44–45.
[12] *Id.* at 8, 12.
[13] *Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019) (citing *United States ex rel. Reed v. KeyPoint Gov't Sols.,* 923 F.3d 729, 764 (10th Cir. 2019)).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

nonmoving party, and liberally construe the pleadings."[15] Conclusory statements and legal conclusions are "not entitled to the assumption of truth."[16]

Generally, "a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings."[17] "However, notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, 'the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[18]

## DISCUSSION

USAA argues that the insurance contract was with Ms. Coppieters rather than Ms. Jones, so Ms. Jones lacks privity to assert any contractual claims against USAA.[19] Ms. Jones responds that her role as a passenger occupying an insured vehicle "makes her a 'covered person' or an insured to the insurance policy under Utah law, and thereby entitles her to recover based on her contractual claims."[20] The court notes that Ms. Jones attached copies of the Policy[21] and the police report from the accident[22] to her Opposition. Because the Policy is referred to in the Compliant and central to Ms. Jones' claims, and because the parties do not dispute its

---

[15] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1130–31 (10th Cir. 2024) (quoting *Reznik v. inContact, Inc.*, 18 F.4th 1257, 1260 (10th Cir. 2021)) (also quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)) (cleaned up).
[16] *Iqbal*, 556 U.S. at 1951 (emphasis omitted).
[17] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999)).
[18] *Id.* (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).
[19] MTD 1–2.
[20] Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss ("Opp'n"), ECF No. 11, filed Aug. 26, 2025.
[21] USAA Insurance Policy, ECF No. 11–3, filed Aug. 26, 2025.
[22] Police Report, ECF No. 11–2, filed Aug. 26, 2025.

authenticity, the court will consider it.[23] However, the court will not consider the police report because it is neither referenced in nor attached to the Complaint.[24]

## I. Implied Covenant of Good Faith and Fair Dealing

USAA first contends that Ms. Jones fails to state a claim for breach of the implied covenant of good faith and fair dealing because such a claim may only be brought by a party to an insurance contract.[25] The Utah Supreme Court has said as much, concluding that "an action for breach of the covenant of good faith and fair dealing may be brought only by a party to the insurance contract."[26] The Court recognized "that the duty of good faith and fair dealing is a contractual covenant, one that arises solely as an incident to contractual obligations owed by an insurer to its insured."[27] Only a "first party" to an insurance contract, rather than a "third party," can sue for breach of the implied covenant of good faith and fair dealing.[28] Ms. Jones contests this statement of law by arguing that USAA's cited cases are not applicable to the present case.[29] She points out that all the cases USAA cites either relate to third-parties suing a tortfeasor's insurance provider or fail to address relevant UIM statutes.[30] Though USAA does not cite any cases that are factually similar to the situation here, Utah law is clear; a claim for breach of the implied covenant of good faith and fair dealing may only be brought by a party to the contract.[31]

---

[23] *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).
[24] *See* Compl.
[25] MTD 4.
[26] *Savage v. Educators Ins. Co.*, 908 P.2d 862, 865 (Utah 1995).
[27] *Id.* at 866; *see also Pixton v. State Farm Mut. Auto. Ins. Co. of Bloomington, Illinois*, 809 P.2d 746, 749 (Utah Ct. App. 1991) ("we are persuaded that there is no duty of good faith and fair dealing imposed upon an insurer running to a third-party claimant").
[28] *Sperry v. Sperry*, 1999 UT 101, ¶ 7, 990 P.2d 381, 383.
[29] Opp'n 6.
[30] *Id.* at 6–7.
[31] *Savage,* 908 P.2d at 865.

Ms. Jones acknowledges that she is not the "owner" of the Policy.[32] Instead, she argues that "her role as a passenger" in the insured vehicle at the time of the crash "makes her a 'covered person' or an insured to the insurance policy under Utah law."[33] The latter part of this assertion is not supported by the Utah statute governing UIM insurance. Utah Code § 31A-22-305.3 requires UIM policies to meet certain standards for a "covered person" under a policy.[34] A "covered person" is defined to include "the named insured," "the named insured's dependent minor children," and "any person occupying or using a motor vehicle . . . referred to in the policy" among others.[35] The statute does not, as Ms. Jones argues, make her an insured simply because she occupied an insured vehicle. Ms. Jones may qualify as a "covered person" under Utah law,[36] but the statute she cites do not create a first-party contractual relationship where none existed before.

The Complaint is likewise devoid of facts alleging a contractual relationship between Ms. Jones and USAA. To the contrary, it alleges that Ms. Coppieters is the policy holder who contracted with USAA.[37] Similarly, the Policy itself distinguishes between the "named insured," a party to the insurance contract who is listed in the declarations,[38] and a "covered person," which includes the insured, the insured's family members, and "[a]ny other person occupying your covered auto."[39] Ms. Coppieters is listed as an "insured" under the Policy, but it makes no

---

[32] *Id.* at 5.
[33] *Id.*
[34] *See* Utah Code Ann. § 31A-22-305.3.
[35] Utah Code Ann. § 31A-22-305.3(1)(a); Utah Code Ann. § 31A-22-305(1).
[36] Utah Code Ann. § 31A-22-305(1).
[37] Compl. ¶ 5.
[38] Policy 28.
[39] *Id.* at 39.

5

mention of Ms. Jones.[40] The Complaint fails to allege facts sufficient to plausibly plead that Ms. Jones has a first-party contractual relationship with USAA.[41] Her status as a "covered person" under the Policy and Utah law is irrelevant to the question of whether she qualifies as an insured individual with a contractual relationship with USAA. Therefore, she cannot state a claim for breach of the implied covenant of good faith and fair dealing.[42]

## II. Breach of Contract

Ms. Jones also asserts a claim for breach of contract against USAA.[43] She supports this claim with the same argument discussed above, that she is a "covered person or an insured for UIM purposes . . . and should be considered in privity."[44] USAA likewise applies its arguments about the breach of good faith claim to the breach of contract claim.[45] USAA contends that a breach of contract claim requires contractual privity.[46] It also argues that Ms. Jones cannot sue for breach of contract as a third-party beneficiary, citing numerous cases for the proposition that "claims for breach of contract or breach of the covenant of good faith and fair dealing may only be made by a party to the contract."[47] But USAA's cases do not support this broad proposition. Rather, they hold, as discussed above, that a third-party beneficiary cannot sue for a breach of the implied covenant of good faith and fair dealing.[48] USAA incorrectly extrapolates from this

---

[40] *Id.* at 8.
[41] *See* Compl.
[42] *See Savage v. Educators Ins. Co.*, 908 P.2d 862, 865 (Utah 1995).
[43] Compl. ¶¶ 80–85.
[44] Opp'n 7.
[45] *See* MTD 4.
[46] *Id.*
[47] Defendant's Reply in Support of Rule 12(b)(6) Motion to Dismiss ("Reply") 8–9, ECF No. 12, filed Sep. 9, 2025; *see also* MTD 5.
[48] *See, e.g.*, *Huitron v. Est. of Huitron*, 2022 UT 36, ¶ 41, 517 P.3d 399, 407 (Utah 2022); *Sperry v. Sperry*, 1999 UT 101, 990 P.2d 381; *Cannon v. Travelers Indemn. Co.*, 2000 UT App 10, 994 P.2d 824; *Ammerman v. Farmers Ins. Exch.*, 19 Utah 2d 261, 430 P.2d 576, 577–78 (Utah 1967); *see also* MTD 5.

narrow rule the argument that a third-party beneficiary is categorically barred from asserting any breach of contract claims.[49] Not so.

In Utah, "[t]hird-party beneficiaries are 'persons who are recognized as having enforceable rights created in them by a contract to which they are not parties and for which they give no consideration.'"[50] Though a "third-party beneficiary is not a party with privity," third parties "sometimes qualif[y] for an exception to the general rule that only parties in privity have a right to sue for breach of contract."[51] "For a third party to have enforceable rights under a contract, the intention of the contracting parties to confer *a separate and distinct benefit* upon the third party must be clear."[52] It is not enough for contractual parties to simply "know, expect or even intend that others will benefit from the contract."[53] Rather, "[t]he contract must be undertaken for the plaintiff's direct benefit and the contract itself must affirmatively make this intention clear."[54]

For example, in *Carmona v. Travelers Casualty Insurance Company of America*, the Utah Court of Appeals analyzed a third-party plaintiff's claim against an insurance company.[55] The plaintiff was injured when she slipped and fell while on someone else's property.[56] The property owner had an insurance policy that included a provision for the insurance company to pay medical expenses up to $5,000 for injuries occurring on the property.[57] The plaintiff sued the

---

[49] Reply 8–9.
[50] *Rio Algom Corp. v. Jimco Ltd.,* 618 P.2d 497, 506 (Utah 1980) (quoting 4 Corbin on Contracts § 774 at 6 (1960)).
[51] *Reperex, Inc. v. Coldwell Banker Com.*, 2018 UT 51, ¶ 50, 428 P.3d 1082, 1092.
[52] *Carmona v. Travelers Cas. Ins. Co. of Am.*, 2018 UT App 128, ¶ 10, 428 P.3d 65, 68 (quoting *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assocs., Inc*., 2001 UT 54, ¶ 47, 28 P.3d 669) (emphasis in original).
[53] *Carmona*, 428 P.3d at 69 (quoting *SME Indus*., 28 P.3d at 669).
[54] *Id.*
[55] *See id.*
[56] *Id.* at 67.
[57] *Id.*

insurance company for this benefit under the theory that she was a third-party beneficiary.[58] The court disagreed, reasoning that the insurance provision in question was an indemnity clause intended to benefit the policyholder rather than injured third parties who may incidentally benefit.[59] There, the policy specifically pledged to pay funds that the insured could be liable for due to injuries on the property.[60]

      The Policy in this case is different. In addition to indemnifying insureds for damage they cause,[61] the Policy also broadly promises that "[USAA] will pay compensatory damages that a **covered person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **BI** [bodily injury] sustained by a **covered person** and caused by a **motor vehicle** accident."[62] This provision complies with Utah law, which requires insurance policies to include UIM coverage[63] for "a covered person who is legally entitled to recover damages from an owner or operator of an underinsured motor vehicle because of bodily injury."[64]

      When faced with questions of statutory interpretation, courts should aim to "discover the true intent and purpose of the Legislature," starting (and often ending) with "the plain language of the statute."[65] Here, the statutory language is clear. Every automobile "policy of insurance" required under Utah law must contain UIM coverage unless affirmatively waived.[66] This UIM

---

[58] *Id.*
[59] *Id.* at 69.
[60] *Id.*
[61] Policy 31.
[62] *Id.* at 40 (emphasis in original).
[63] Utah Code Ann. § 31A-22-302(1)(c).
[64] Utah Code Ann. § 31A-22-305.3(2)(a).
[65] *Gen. Sec. Indem. Co. of Arizona v. Tipton*, 2007 UT App 109, ¶ 17, 158 P.3d 1121, 1126 (internal citations omitted).
[66] Utah Code Ann. § 31A-22-302 (1)(c).

8

protection "provides coverage for a covered person,"[67] including individuals other than the named insured who occupy a vehicle referred to in the policy.[68] Accordingly, the Policy here offers UIM protection for "covered person[s]" other than just the named insured.[69] The Policy even explicitly states that its UIM provision "[p]rovides benefits or protection to [the insured] and other covered persons for bodily injury resulting from an accident caused by the fault of another party" who has insufficient liability insurance.[70]

The Complaint alleges facts to support that Ms. Jones is a covered person under the Policy and Utah law.[71] USAA concedes that she is a covered person.[72] Given the language of the Policy and Utah's UIM statutes, it is plausible that the Policy intended to directly benefit such "covered persons," regardless of whether they are also named insureds. Therefore, Ms. Jones pleads sufficient facts in her Complaint to plausibly support her breach of contract claim as a third-party beneficiary.

## ORDER

Defendant's [7] Motion to Dismiss is hereby GRANTED as to Claim 1 and DENIED as to Claim 2.

---

[67] Utah Code Ann. § 31A-22-305.3(2)(a).
[68] Utah Code Ann. § 31A-22-305(1).
[69] Policy 40.
[70] *Id*. at 18.
[71] Compl. ¶¶ 3–8.
[72] Reply 1.

Signed October 6, 2025.

BY THE COURT

_____
David Barlow
United States District Judge